UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANNA BOONE                                                CIVIL ACTION

VERSUS                                                    NO: 09-1001

EYE CARE CENTERS OF AMERICA,                              JUDGE VANCE
INC.
                                                          MAGISTRATE CHASEZ

**ORDER**

In this case, which arises under the Family and Medical Leave Act, the Fair Labor Standards Act, Title VII, and state law, defendant Eye Care Centers of America, Inc. moves to continue trial.[1] In addition, plaintiff Anna Boone moves to continue the hearing on defendant's motion for partial summary judgment and for leave to file a supplemental memorandum in opposition and statement of material facts.[2] For the following reasons, both motions to continue are DENIED, and plaintiff's motion for leave to file a supplemental memorandum and statement

---

[1]     R. Doc. 22.

[2]     R. Doc. 37.

of facts is GRANTED as set forth *infra*.

**I.   Defendant's Motion to Continue Trial**

Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

Defendant asks that trial be continued for a number of reasons, none of which justifies a continuance.  First, defendant argues that given the number of witnesses who must still be deposed, this matter will not be ready for trial on the current trial date of November 1, 2010.  Plaintiff's initial disclosure lists 13 witnesses, but on August 23, 2010, plaintiff filed a witness list that includes 42 names.[3]  While plaintiff's witness list is unacceptably long, 35 of the individuals on the list (excluding plaintiff) are current or former employees of defendant.  Defendant should be able to obtain, even in a brief period of time, any needed information from at least those

---

[3]   R. Doc. 18.

potential witnesses who are its current employees. Further, plaintiff states that defendant has not provided her with contact information for its current and former employees. The discovery deadline has passed, and further depositions are not permitted without leave from the Court. Plaintiff is not entitled to call at trial those witnesses whom she has not yet contacted and whom she does not even have the means to contact. Defendant will not need to depose additional witnesses, and thus the unacceptable length of plaintiff's witness list does not justify continuing trial.

Defendant also asserts that it has had difficulty scheduling plaintiff's six requested depositions in light of counsel's busy schedule. These depositions have apparently been scheduled and conducted, however, and their completion shortly before the discovery deadline is not a basis for continuing trial.

Defendant also notes that plaintiff filed a Second Amended Complaint on July 30, 2010, asserting for the first time a claim under Title VII.[4] In her Amended Complaint, filed on February 18, 2010, plaintiff alleged that the facts she pleaded constitute a violation of Title VII but that she had not yet obtained a notice of right to sue from the Equal Employment Opportunity

---

[4] R. Doc. 14.

Commission and the Louisiana Commission on Human Rights.[5]  She further stated in the Amended Complaint that she intended to request leave to amend her complaint and add her Title VII claim upon receipt of a notice of right to sue.[6]  Plaintiff has done just that.  Defendant has long had notice of plaintiff's Title VII claim, and the filing of the Second Amended Complaint does not justify continuing trial.

Finally, defendant requests a continuance on the grounds that its "Trial Attorney" inadvertently scheduled the trial in this matter for the same week as the ABA Section of Labor and Employment Law Conference in Chicago, Illinois.  Defendant represents that its trial attorney is a Conference Co-Chair and Publications Co-Chair, has a major role at the meeting, and must attend the meeting in person.  Plaintiff opposes this request and argues that delaying trial will delay her recovery and result in additional expenses.

According to the schedule of events that defendant has provided, the ABA conference is scheduled to begin the evening of November 3, 2010 with registration and a welcome reception.[7]  The

---

[5]   R. Doc. 7, ¶34.

[6]   *Id.*

[7]   R. Doc. 22, Ex. 4.

substance of the conference is scheduled for November 4-6.[8]  Jury trial in this matter is scheduled for November 1.  This does not appear to be a particularly complex matter, and the Court will not permit the trial to last more than three days.  Thus, defense counsel will likely be able to attend most, if not all, of the conference without interfering with trial.

There may still be a conflict between the trial and a planning meeting that defense counsel has been invited to for the afternoon of November 3.  Participants in that meeting will apparently "go over last-minute details" for the ABA conference.[9]  Defense counsel may be able to attend that meeting if trial lasts only two days, but in any event, this conflict does not justify a continuance.  The complaint in this matter was filed in November of 2009,[10] and the trial date was set in March of 2010.[11]  Defense counsel had ample opportunity to select a trial date that fit his calendar, but he evidently failed to do so.  Defense counsel's inadvertence does not constitute good cause to continue trial.  Further, defense counsel is a member of a law firm, and a second

---

[8] *Id.*

[9] R. Doc. 22, Ex. 6.

[10] R. Doc. 1.

[11] R. Doc. 10.

substance of the conference is scheduled for November 4-6.[8]  Jury trial in this matter is scheduled for November 1.  This does not appear to be a particularly complex matter, and the Court will not permit the trial to last more than three days.  Thus, defense counsel will likely be able to attend most, if not all, of the conference without interfering with trial.

There may still be a conflict between the trial and a planning meeting that defense counsel has been invited to for the afternoon of November 3.  Participants in that meeting will apparently "go over last-minute details" for the ABA conference.[9]  Defense counsel may be able to attend that meeting if trial lasts only two days, but in any event, this conflict does not justify a continuance.  The complaint in this matter was filed in November of 2009,[10] and the trial date was set in March of 2010.[11]  Defense counsel had ample opportunity to select a trial date that fit his calendar, but he evidently failed to do so.  Defense counsel's inadvertence does not constitute good cause to continue trial.  Further, defense counsel is a member of a law firm, and a second

---

[8]   *Id.*

[9]   R. Doc. 22, Ex. 6.

[10]   R. Doc. 1.

[11]   R. Doc. 10.

attorney is listed on defendant's filings.  If necessary, another member of that law firm may represent defendant at trial.  Plaintiff is also correct in noting that a continuance would delay her potential recovery and could result in additional expenses if her expert economist's report requires updating.  The Court will not continue trial in this matter.

## II. Plaintiff's Motion to Continue Hearing

Defendant has filed a motion for partial summary judgment,[12] which is set for hearing with oral argument on September 29, 2010.  In this motion, defendant argues that plaintiff's claims under the Family and Medical Leave Act (FMLA) should be dismissed because plaintiff has not met her burden of proving that she had a serious health condition that qualified her for FMLA leave before she gave birth, from August 10 through August 28, 2009.

Plaintiff moves to continue the hearing on defendant's motion to October 13.  She also moves for leave to file a supplemental memorandum in opposition and statement of material facts.[13]  Plaintiff argues that she has been unable to obtain transcripts of the depositions of defendant's witnesses that were

---

[12]   R. Doc. 26.

[13]   R. Doc. 37.

taken on September 2 and September 20, 2010.  Plaintiff also argues that she has not had sufficient time to review documents concerning non-FMLA leave taken by her co-workers.  None of this evidence, however, will be relevant to defendant's motion for partial summary judgment, which simply asserts that plaintiff was not entitled to FMLA leave because she cannot demonstrate that she had a serious health condition during a particular time period.

In addition, plaintiff states that her physician, Dr. Lisa Gautreau, was deposed on September 23, 2010.  Plaintiff contends, correctly, that her physician's testimony may be relevant to defendant's motion for partial summary judgment.  But plaintiff did not have to wait until the deposition to obtain testimony from Dr. Gautreau.  Plaintiff had ample time to seek an affidavit from her physician.  In fact, plaintiff was in contact with Dr. Gautreau's office concerning the present litigation as early as July 15, 2010.[14]

Plaintiff's delay in obtaining Dr. Gautreau's testimony does not justify continuing the hearing date for defendant's motion. In order for the Court to benefit from Dr. Gautreau's testimony in deciding the motion, however, the Court will grant leave for

---

[14]   R. Doc. 30, ex. C.

plaintiff to file a supplemental memorandum and statement of material facts by September 27, 2010.  If plaintiff's supplemental memorandum raises issues that require a reply, defendant may file a post-argument brief directed at those issues.

### III. Conclusion

For the reasons stated, the defendant's motion to continue trial is DENIED, plaintiff's motion to continue hearing is DENIED, and plaintiff's motion for leave to file a supplemental memorandum in opposition and statement of material facts is GRANTED.  Plaintiff's supplemental memorandum and statement of facts may be filed no later than September 27, 2010.

New Orleans, Louisiana, this 24th day of September, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE